UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BERNARD ERNST,<br><br>                    Petitioner,<br><br>          v.<br><br>FEDERAL BUREAU OF PRISONS,<br>et al.,<br><br>                    Respondents. | Case No. 2:22-cv-00354-GW-JC<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

## I.     BACKGROUND AND SUMMARY

On January 14, 2022, Petitioner Robert Bernard Ernst, who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition").  Petitioner's current address of record ("Address of Record") is reflected on the first page of the Petition.

The Court, on multiple occasions, has advised Petitioner of his obligation to keep the Court apprised of his correct address and the consequences of his failure to do so.  See Notice of Judge Assignment and Reference to a United States Magistrate Judge (Docket No. 2) (advising Petitioner that he is required to notify the Court within five (5) days of any address change, and that if mail directed by the Clerk to his address of record is returned undelivered by the Post Office, and if the

Court is not timely notified thereafter of his current address, the Court may dismiss the matter for want of prosecution) (citing Local Rule 83-2.5); Order Requiring Answer to Petition for Writ of Habeas Corpus (Docket No. 3) (advising Petitioner to immediately notify the Court and counsel for Respondent of any change of Petitioner's address and cautioning Petitioner that the failure to keep the Court informed of where Petitioner may be contacted, may subject the Petition to dismissal for failure to prosecute) (citing Local Rule 41-6); Order Regarding Requirements for Preparation and Submission of Documents (Docket No. 4) (advising Petitioner that "[a]s long as this action is pending, [P]etitioner must immediately notify the [C]ourt and [R]espondent's attorney of any change of address, and of the new address and its effective date" and cautioning Petitioner that if he fails to keep the Court informed of a correct mailing address, this action may be dismissed under Local Rule 41-6 (quoting Local Rule 41-6).

On February 18, 2022, Respondent filed a Motion to Dismiss Petition ("Motion to Dismiss") which reflects, among other things, that Petitioner was released from the custody of the Bureau of Prisons on February 7, 2022.  On February 21, 2022, the Court issued an Order ("February Order") directing Petitioner to file  an opposition/response to the Motion to Dismiss by not later than March 11, 2022 (or alternatively, in the event Petitioner no longer wished to proceed with the Petition in light of his release, a signed Notice of Dismissal). (Docket No. 8).  The February Order was entered on February 22, 2022 and contemporaneously sent to Petitioner at his Address of Record.

On March 8, 2022, the copy of the February Order that was sent to Petitioner at his Address of Record was returned by the Postal Service as undeliverable.  To date, Petitioner has failed to notify the Court of his new/updated address.

As discussed below, this action is dismissed due to Petitioner's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

2

**II.   DISCUSSION**

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times.  Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and e-mail address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

In the instant case, more than 14 days have passed since the service date of the February Order.  As noted above, to date, Petitioner has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

///

1    The Court finds that the first two factors – the public's interest in
2    expeditiously resolving this litigation and the Court's interest in managing the
3    docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance
4    indefinitely based on Petitioner's failure to notify the Court of his correct address.
5    See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of
6    action for lack of prosecution pursuant to local rule which permitted such dismissal
7    when pro se plaintiff failed to keep court apprised of correct address; "It would be
8    absurd to require the district court to hold a case in abeyance indefinitely just
9    because it is unable, through plaintiff's own fault, to contact the plaintiff to
10   determine if his reasons for not prosecuting his lawsuit are reasonable or not.").
11   The third factor, risk of prejudice to the Respondents, also weighs in favor of
12   dismissal since a presumption of injury arises from the occurrence of unreasonable
13   delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th
14   Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on
15   their merits, is greatly outweighed by the factors in favor of dismissal discussed
16   herein.  Finally, given the Court's inability to communicate with Petitioner based
17   on his failure to keep the Court apprised of his current address, no lesser sanction
18   is feasible.  See Musallam v. United States Immigration Service, 2006 WL
19   1071970 (E.D. Cal. Apr. 24, 2006).

20   **III.   ORDER**

21   IT IS THEREFORE ORDERED that this action is dismissed for lack of
22   prosecution based upon Petitioner's failure to keep the Court apprised of his
23   current address.

24   IT IS SO ORDERED.

25   DATED: March 14, 2022

26   _____

27   HONORABLE GEORGE H. WU
     UNITED STATES DISTRICT JUDGE
28

4